**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                              (206) 370-8810

September 4, 2018

| | |
|---|---|
| Thaddeus P. Martin | Karin D. Jones |
| Law Offices of Thaddeus P. Martin | Stoel Rives LLP |
| 7121 27th Street West | 600 University Street, Suite 3600 |
| University Place, WA 98466 | Seattle, WA 98101 |

**Delivered Via CM/ECF**

    RE:    <u>Alexander v. U.S. Gypsum Co.</u>, C18-0810RSL
            Stipulated Protective Order

Dear Counsel:

On August 24, 2018, the Court received your proposed "Stipulated Protective Order." Dkt. # 25.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient in the following respects:

First, the proposed order does not identify the nature or scope of the contractual documents that might be at issue or the statutes or other legal obligations that may be relevant to a claim of confidentiality. This is an employment dispute: the general parameters of plaintiff's claims do not suggest that confidential contracts or statutorily-protected information are at issue. The burden falls on the parties to explain the need for an order shielding information from public view, and they have not done so.

Second, the parties have not justified their deletion of the reference to Local Civil Rule 5(g) in paragraph 4.3 of the proposed order. LCR 5(g) sets forth the procedures that must be followed and the burdens that will be applied when the Court determines whether a particular document may be filed under seal.

Finally, the proposed order gives too much discretion to the parties to designate information as "confidential." The order mentions personnel files, trade secrets, strategic plans, and other specific categories of documents that would be protected from public view, but those categories are simply examples and do not limit the scope of the order. Rather, the parties reserve for themselves the power to designate "confidential" or "sensitive" documents as they see fit. Any protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge