UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY ALEXANDER,

   Plaintiff,

  v.

UNITED STATES GYPSUM COMPANY,

   Defendant.

NO. C18-0810RSL

ORDER DENYING MOTION FOR REMAND

This matter comes before the Court on plaintiff's "Motion to Remand." Dkt. # 10. A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court (*i.e.,* on federal diversity or federal question grounds). See 28 U.S.C. § 1441(b). The general removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). Plaintiff does not dispute that the parties are citizens of different states, but argues that defendant cannot demonstrate that the amount in controversy exceeds $75,000.

ORDER DENYING MOTION
FOR REMAND - 1

Plaintiff alleges that he was wrongfully terminated from his employment with defendant on January 12, 2017, and seeks damages for lost wages, lost retirement benefits, future lost earnings, past and future fringe benefits, mental and emotional distress, and attorney's fees. Dkt. # 1-1 at 6-8. The complaint does not, however, specify a particular dollar amount in the request for relief. Where it is unclear from the face of the complaint whether plaintiff is seeking in excess of $75,000, the Ninth Circuit requires that the removing defendant show that the amount in controversy more likely than not triggers federal jurisdiction. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

With its notice of removal, defendant provided evidence that, at the time of his termination, plaintiff was earning $36.85 per hour, in addition to benefits, and had been paid $80,848.48 in 2016. Dkt. # 2 at ¶ 10. Simple calculations show that lost wages from January 2017 to June 2018, the date of removal, would exceed the jurisdictional amount. Lost benefits, distress damages, and attorney's fees would add to that total. Plaintiff ignored this evidence in his motion to remand. In reply, plaintiff argues for the first time that defendant must affirmatively show that plaintiff has not mitigated his damages in some way that would reduce the amount in controversy below $75,000. That is not the law, however. Defendant need not disprove hypotheticals or unsupported arguments. Rather, it must show by a preponderance of the evidence that the jurisdictional amount is satisfied. There is no evidence in the record that plaintiff has been gainfully employed since his termination. The preponderance of the evidence before the Court shows that it is more likely than not that the amount in controversy exceeds $75,000.

ORDER DENYING MOTION
FOR REMAND - 2

1 | For all of the foregoing reasons, removal was appropriate, and plaintiff's motion to
2 | remand (Dkt. # 10) is DENIED.

Dated this 19th day of September, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR REMAND - 3