UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY ALEXANDER,

    Plaintiff,

v.

UNITED STATES GYPSUM COMPANY,

    Defendant.

NO. C18-0810RSL

ORDER GRANTING IN PART
MOTION TO DISMISS

This matter comes before the Court on "Defendant's Motion for Partial Dismissal Pursuant to Rule 12(b)(6)." Dkt. # 9. Defendant seeks dismissal of plaintiff's Washington Law Against Discrimination ("WLAD") claims to the extent they are based on gender discrimination/sexual harassment and dismissal of the wrongful termination in violation of public policy and negligent infliction of emotional distress claims as unnecessary or duplicative.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must

ORDER GRANTING IN PART
MOTION TO DISMISS - 1

rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).[1]

Having reviewed the complaint and the memoranda submitted by the parties, the Court finds as follows:

**A. Sex Discrimination Under the WLAD**

Plaintiff alleges that, in response to a complaint of sexual harassment leveled against him by a fellow employee, he told his employer, United States Gypsum ("USG"), that the complainant "was overly flirtatious to anyone that spoke [to] or acknowledged her, including showing employees pictures of herself when she was in college." Dkt. # 1-1 at ¶ 4.5. He also reported that he was being discriminated against based on his age and disability (Id.) and

---

[1] Whether plaintiff's allegations are sufficient under state-law pleading requirements is immaterial. Following removal, the Federal Rules of Civil Procedure, as interpreted and applied by the United States Supreme Court, govern procedural issues in this litigation. Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Trivers Local No. 70, 415 U.S. 423, 438 (1974); Provencio v. Armor Holdings, Inc., 2007 WL 2814650, at *2 (E.D. Cal. 2007).

ORDER GRANTING IN PART
MOTION TO DISMISS - 2

subsequently complained more generically of "discriminatory treatment" (Id. at ¶ 4.6). These allegations do not raise a plausible inference that USG could be liable for discrimination based on gender or sex. In defending himself against an allegations of sexual harassment, plaintiff said that his accuser was overly flirtatious, with the implication being that whatever happened between them was welcome on her part or that plaintiff should be exonerated because she misled him into thinking his conduct would be welcome. Plaintiff has not alleged that his co-worker discriminated against him or created a hostile work environment. Nor does he allege that he complained of sex discrimination. Rather, he specifically alleges that he reported that he was the victim of age and disability discrimination. Plaintiff has not alleged facts giving rise to a plausible inference that he was discriminated against because of his sex or that he complained of sex discrimination and was subjected to retaliation as a result.

To the extent plaintiff suggests in his memorandum that his supervisor treated him differently because she believed that plaintiff had sexually harassed a co-worker, any such disparate treatment was based on plaintiff's conduct, not on a protected characteristic, such as plaintiff's religion, nationality, or sex. No inference of liability under the WLAD arises under this novel theory.

**B. Negligent Infliction of Emotional Distress**

Under Washington law, a defendant "has a duty to avoid the negligent infliction of mental distress," and the duty can apply in the workplace. Hunsley v. Giard, 87 Wn.2d 424, 435 (1976); Chea v. Men's Wearhouse, Inc., 85 Wn. App. 405, 412 (1997). Where the conduct of which plaintiff complains involves the resolution of workplace disputes, however:

[t]he employers, not the courts, are in the best position to determine whether such

ORDER GRANTING IN PART
MOTION TO DISMISS - 3

> disputes should be resolved by employee counseling, discipline, transfers, terminations or no action at all. While such actions undoubtedly are stressful to impacted employees, the courts cannot guarantee a stress-free workplace. Therefore, . . . absent a statutory or public policy mandate, employers do not owe employees a duty to use reasonable care to avoid the inadvertent infliction of emotional distress when responding to workplace disputes.

Bishop v. State, 77 Wn. App. 228, 234-35 (1995). To the extent plaintiff is arguing that the way USG investigated or responded to his co-worker's allegations of sexual harassment caused him stress, the employer was under no duty to avoid such an outcome under Washington law.

To the extent plaintiff is alleging that USG violated the WLAD and/or the public policy against sex discrimination in the workplace, a duty clearly exists. The Washington Court of Appeals has held, however, that a negligent infliction of emotional distress claim based on the same facts that give rise to the WLAD claim is duplicative because emotional distress damages are recoverable under the WLAD. "Because the law will not permit a double recovery, a plaintiff will not be permitted to be compensated twice for the same emotional injuries." Francom v. Costco Wholesale Corp., 98 Wn. App. 845, 864-65 (2000). This holding has been followed only sparingly in the state courts, and a number of judges of this district doubt that a potential for double recovery warrants dismissal of an otherwise adequately pled claim. The Honorable John C. Coughenour, for instance, discusses the holding in Francom before noting that:

> this issue relates to an award of damages, not the submission of an alternative legal theory to the factfinder. See Robinson v. Pierce Cnty., 539 F. Supp.2d 1316, 1332 (W.D. Wash. 2008) ("[T]he Court declines to dismiss [Plaintiff's] negligent supervision claim merely because it relies on the same factual allegations as his discrimination claim."); Nygren v. AT&T Wireless Servs., Inc., Case No. C03-3928-JLR, Dkt. No. 63, at 2 (W.D. Wash. May 16, 2005) (stating that Francom does not require the court to dismiss the emotional distress claims, but

ORDER GRANTING IN PART
MOTION TO DISMISS - 4

instead establishes that a plaintiff "cannot win 'double recovery' under discrimination and negligence theories"). Until such a time as Plaintiff is granted judgment on the WLAD claims, Defendants' concerns regarding a double recovery are premature. See Maxwell v. Virtual Educ. Software, Inc., Case No. C09-0173-RMP, 2010 WL 3120025, at *11 (E.D. Wash. Aug. 6, 2010) (until judgment is granted on a discrimination claim, the issue of a double recovery is prematurely asserted). The Court declines to dismiss the Intentional Infliction of Emotional Distress claims.

Neravetla v. Virginia Mason Med. Ctr., No. C13-1501-JCC, 2014 WL 12787979, at *5 (W.D. Wash. Feb. 18, 2014). The Court similarly declines to dismiss the emotional distress claim simply because it raises the specter of a double recovery. Parties are permitted to assert claims in the alternative, and any concerns regarding the appropriate calculation of damages at trial can be addressed in the verdict form or, if need be, the remittitur process.

**C. Wrongful Discharge in Violation of Public Policy**

USG argues that plaintiff should be precluded from pursuing a wrongful discharge in violation of public policy claim where the alleged wrongful conduct is the same conduct on which the WLAD claim is based. Defendant asserts that a bar is appropriate because (1) the WLAD provides an adequate statutory remedy for the alleged violation of public policy and/or (2) the tort claim is duplicative of the statutory claim and should be dismissed to avoid the risk of double recovery.

**1. Strict Adequacy**

Between 2002 and 2011, the Washington Supreme Court followed a tangential line of reasoning regarding the jeopardy element of the wrongful discharge tort, concluding that a plaintiff could not prove that his or her conduct was necessary for the effective enforcement of a

ORDER GRANTING IN PART
MOTION TO DISMISS - 5

public policy (*i.e.*, that the public policy was in jeopardy) unless he or she proved that no other statutory provision existed that would adequately protect that policy. See Rose v. Anderson Hay and Grain Co., 184 Wn.2d 268, 275-280 (2015) (tracing the evolution of the tort in Washington). In 2013, the court allowed a wrongful discharge claim to proceed even though there was an alternative remedial statute because that statute explicitly indicated that its remedies merely supplemented existing remedies. Piel v. City of Fed. Way, 177 Wn.2d 604, 617 (2013).

In a trio of cases decided in 2015, the Supreme Court recognized that requiring plaintiff to show the inadequacy of alternative statutory remedies was a departure from its earlier precedents that had created confusion and harmfully deprived aggrieved litigants of a rightful tort claim without any corresponding benefit to defendants. Rose, 184 Wn.2d at 281-82. The requirement was therefore disavowed, and the contrary line of cases was overruled.[2] Courts no longer reject a wrongful discharge in violation of public policy because there are adequate statutory remedies: rather, dismissal of the tort claim is appropriate only where the alternative statutory remedy is intended to be exclusive. Id. at 285-86. USG makes no effort to show that the WLAD is plaintiff's exclusive remedy such that it bars the related tort claim.

**2. Duplicative Claims**

USG argues that, because plaintiff's wrongful discharge claim is based on the public policy enunciated in the WLAD, it is duplicative of the WLAD claim and must be dismissed. The tort of wrongful discharge in violation of public policy and the WLAD claim overlap only to the extent that the WLAD provides the legislative statement of public policy on which the

---

[2] To the extent Lee v. Rite Aid Corp., 917 F. Supp.2d 1168, 1176 (E.D. Wash. 2013), relied on the now-rejected adequacy analysis, it is not longer good law.

wrongful discharge claim is based. The two claims are not duplicative as to their elements and may have different outcomes. It is entirely possible that one may succeed on one claim, but not on the other. In Roberts v. Dudley, 140 Wn.2d 58 (2000), for example, a WLAD claim could not succeed because the employer was not subject to the act, but the common law tort of wrongful discharge was permitted to proceed based on the public policy set forth in the inapplicable statute. USG has not identified, and the Court has not found, a case in which a wrongful discharge claim was dismissed because plaintiff had asserted a WLAD claim. To the contrary, before the Supreme Court mistakenly imported a strict adequacy requirement into the tort, state courts regularly heard both claims in the same case. See Bennett v. Hardy, 113 Wn.2d 912 (1990); Anaya v. Graham, 89 Wn. App. 588, 595 (1998) (noting that a termination in violation of the public police against discrimination in employment set forth in the WLAD "may provide an exception to the general rule of employment at will, giving rise to an action for wrongful discharge").[3]

To the extent USG fears a double recovery if the jury were to find in plaintiff's favor on both the WLAD and the wrongful discharge claim, any such concerns can be allayed through a well-crafted verdict form and/or the remittitur process.

//

---

[3] A number of federal court decisions have held or implied that, because a wrongful discharge claim is based on a public policy set forth in the WLAD, the claims are duplicative and the tort claim must be dismissed. See, e.g., Cooper v. Univ. of Wash., C06-1365RSL, 2007 WL 3356809, at *6 (W.D. Wash. Nov. 8, 2007). Many of these decisions reflect the now-rejected view that if adequate relief were available under another statute, the wrongful discharge claim was unnecessary and the jeopardy element was unsatisfied.

ORDER GRANTING IN PART
MOTION TO DISMISS - 7

For all of the foregoing reasons, USG's motion to dismiss (Dkt. # 9) is GRANTED in part and DENIED in part. Plaintiff's WLAD claims related to sex discrimination and/or retaliation for reporting sex discrimination are DISMISSED. The other claims may proceed.

Dated this 11th day of October, 2018.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION TO DISMISS - 8